UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No:  CR 12-00495 SBA (DMR) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING SUPERVISED RELEASE** |
| vs. | |
| BOBBY BARFIELD, | |
| Defendant. | |

Pursuant to the designation issued by the District Court under 18 U.S.C. § 3401(i), the Court conducted a supervised release violation hearing in this matter on October 14, 2015.  For the reasons that follow, the Court recommends that the District Court:  revoke Defendant Bobby Barfield's supervised release; sentence him to the custody of the Bureau of Prisons for a period of 1 day; impose a new term of supervised release for a period of 71 months; and adopt all previously-imposed conditions of release.  The court further recommends that Mr. Barfield self-surrender to the United States Marshal's Office in the Oakland Courthouse on October 26, 2015 by no later than 10:00 a.m.  This will provide sufficient time for Mr. Barfield to complete the 90-day residential treatment program in which he is currently enrolled.

The Court makes the following findings and recommendations:

1.      On the hearing date set forth above, the defendant, with the assistance of counsel, was advised that:  (a) he has the right to have a district judge conduct a hearing to modify, revoke, or terminate his supervised release; (b) he may expressly waive that right and consent to have such hearing conducted by a magistrate judge; (c) if he consents to have a magistrate judge conduct the supervised release revocation hearing, the designated magistrate judge will submit proposed, written findings of fact and recommendations to the district judge regarding the modification, revocation, or termination, including, in the case of revocation, a recommended disposition under 18 U.S.C. § 3583(e); (d) the magistrate judge's findings and recommendations will be reviewed by the district judge; and (e) the district judge, not the magistrate judge, will make the final decision regarding whether to terminate, modify or revoke his supervision.  Based on the defendant's acknowledgment of the foregoing, the Court finds that the defendant intelligently, voluntarily and expressly consented to have a magistrate judge conduct his supervised release revocation hearing.

2.      The Court questioned the defendant to ensure that he has had a full and fair opportunity to discuss with his attorney the charges pending against him in this supervised release revocation hearing.

3.      The Court read the charges pending against the defendant, as set forth in the Amended Petition for Summons for Offender Under Supervision.  The defendant acknowledged that he understands the charges alleged against him.

4.      The defendant further acknowledged his awareness of the following rights: (a) written notice of the alleged violations; (b) disclosure of the evidence against him; (c) an opportunity to appear and present evidence on his behalf; (d) the opportunity to question adverse witnesses; (e) notice of his right to be represented by counsel; and (f) the right to appeal.

5.      With the foregoing rights in mind, the defendant admitted to Charge One in the Petition for Amended Summons for Offender Under Supervision.  The United States dismissed Charge Two in the Petition for Amended Summons for Offender Under Supervision.

6.      The parties stipulated in open court that for purposes of these proceedings that the facts set forth in the Petition for Amended Summons for Offender Under Supervision provide a sufficient factual predicate for the defendant's admission.

7.      Based upon the defendant's admission and the parties' stipulation, the Court finds that the Government has shown by a preponderance of the evidence that the defendant violated the conditions of his supervised release, as alleged in Charge One of the Amended Petition for Summons for Offender Under Supervision.

8.      Following the defendant's admission of Charge One, the Court conducted the disposition phase of the proceeding.

9.      The parties confirmed that there are no factual disputes with Probation's memorandum.

10.     Based upon the undisputed facts in the memorandum, the parties stipulated for purposes of this proceeding as to the accuracy of Probation's conclusions with respect to:  (a) the Grade of the violation, which is C; (b) the Criminal History Category, which is V; and (c) and the resulting Guideline Range, which is 7-13 months.  Based on the parties' stipulation, the Court finds that the Grade of the violation, Criminal History Category and resulting Guideline Range are as stated.

11.     On the record, the parties acknowledged that they are in agreement with Probation's recommendation that the defendant's supervised release be revoked, that the defendant be sentenced to the custody of the Bureau of Prisons for a period of 1 day, and upon release from custody, he is to be placed on supervised release for a period of 71 months, with all previously imposed conditions incorporated by reference.  The parties also recommended that Mr. Barfield be permitted to self-surrender on October 26, 2015 by 10:00 a.m. so that he may complete his 90-day residential treatment program prior to serving the one day custodial term.

12.     Based on the findings set forth above, the Court recommends that the defendant's supervised release be revoked, that the defendant be sentenced to the custody of the Bureau of Prisons for a period of 1 day, and upon release from custody, he is to be placed on supervised release for a period of 71 months, with all previously imposed conditions incorporated by reference.  The court further recommends that Mr. Barfield be permitted to self-surrender to the United States Marshal's Office in the Oakland Courthouse on October 26, 2015 by no later than

10:00 a.m.  so that he has adequate time to complete his 90-day residential treatment program before serving his one day custodial term.

13.     The Court advised the parties that within 14 days after being served with a copy of this order, they have the right the right to file specific written objections to the Court's findings and recommendations.   See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file objections within the specified time may waive a party's right to review.  See Fed. R. Crim. P. 59(b).  Upon being so advised, both parties expressly waived their right to file objections.

IT IS SO ORDERED.

Dated: October 14, 2015

_____
DONNA M. RYU
United States Magistrate Judge