UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BOBBY BARFIELD,<br><br>　　　　Defendant. | Case No: CR 12-00495-05 SBA (KAW)<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING SUPERVISED RELEASE** |

Pursuant to the designation issued by the District Court under 18 U.S.C. § 3401(i), this Court conducted a supervised release violation hearing in this matter on July 12, 2017. For the reasons that follow, this Court recommends that the District Court revoke Defendant Bobby Burnell Barfield's supervised release; sentence him to the custody of the Bureau of Prisons for a period of time served; impose a new term of supervised release for a period of 70 months; and adopt all previously-imposed conditions of supervised release, as well as the added condition that he reside at a residential drug treatment facility for a period of 6 months.

This Court makes the following findings and recommendations:

1. On the hearing date set forth above, the defendant, with the assistance of counsel, was advised that: (a) he has the right to have a district judge conduct a hearing to modify, revoke, or terminate his supervised release; (b) he may expressly waive that right and consent to have such hearing conducted by a magistrate judge; (c) if he consents to have a magistrate judge conduct the supervised release revocation hearing, the designated magistrate judge will submit proposed, written findings of fact and recommendations to the district judge regarding the modification,

revocation, or termination, including, in the case of revocation, a recommended disposition under 18 U.S.C. § 3583(e); (d) the magistrate judge's findings and recommendations will be reviewed by the district judge; and (e) the district judge, not the magistrate judge, will make the final decision regarding whether to terminate, modify or revoke his supervision. Based on the defendant's acknowledgment of the foregoing, this Court finds that the defendant intelligently, voluntarily and expressly consented to have a magistrate judge conduct his supervised release revocation hearing.

2. This Court questioned the defendant to ensure that he had a full and fair opportunity to discuss with his attorney the charges pending against him.

3. This Court read the charges pending against the defendant, as set forth in the Petition for Arrest Warrant for Offender Under Supervision. The defendant acknowledged that he understood the charges alleged against him.

4. The defendant further acknowledged his awareness of the following rights: (a) written notice of the alleged violations; (b) disclosure of the evidence against him; (c) an opportunity to appear and present evidence on his behalf; (d) the opportunity to question adverse witnesses; (e) notice of his right to be represented by counsel; and (f) the right to appeal.

5. With the foregoing rights in mind, the defendant admitted the charges alleged against him in the Petition for Arrest Warrant for Offender under Supervision.

6. The parties stipulated in open court that for purposes of these proceedings that the facts set forth in the Petition for Arrest Warrant for Offender Under Supervision provide a sufficient predicate for the defendant's admission.

7. Based upon the defendant's admission and the parties' stipulation, this Court finds that the Government has shown by a preponderance of the evidence that the defendant violated the conditions of his supervised release, as alleged in Charges One through Five of the Petition for Arrest Warrant for Offender Under Supervision.

8. Following the defendant's admission of the charges alleged against him, this Court conducted the disposition phase of the proceeding.

9. The parties confirmed that there are no factual disputes with Probation's memorandum.

10. Based upon the undisputed facts in the memorandum, the parties stipulated for purposes of this proceeding as to the accuracy of Probation's conclusions with respect to: (a) the Grade of the violation, which is C; (b) the Criminal History Category, which is V; and (c) and the resulting Guideline Range, which is 7-13 months. Based on the parties' stipulation, this Court finds that the Grade of the violation, Criminal History Category and Guideline Range are as stated.

11. On the record, the parties acknowledged that they are in agreement with Probation's recommendation that the defendant's supervised release be revoked, that the defendant be sentenced to the custody of the Bureau of Prisons for a period of time served, and that upon release from custody, he be placed on supervised release for a period of 70 months. The parties further acknowledged their agreement with Probation's recommendation that all prior conditions of supervised release be re-imposed, as well as the added condition that Defendant reside at a residential drug treatment facility for a period of 6 months.

12. Based on the findings set forth above, this Court recommends that the defendant's supervised release be revoked, that the defendant be sentenced to the custody of the Bureau of Prisons for a period of time served, and upon release from custody, that he be placed on supervised release for a period of 70 months on all previously imposed conditions, as well as the added condition that he reside at a residential drug treatment facility for a period of 6 months.

13. This Court advised the parties that, within 14 days after being served with a copy of this order, they have the right to file specific written objections to the Court's findings and recommendations. See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. See Fed. R. Crim. P. 59(b). Upon being so advised, both parties expressly waived their right to file objections.

IT IS SO ORDERED.

Dated: July 12, 2017

_____
Kandis A. Westmore
United States Magistrate Judge